IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

REGISTRAR SYSTEMS LLC, a Colorado limited liability corporation,

    Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation,
TARGET CORPORATION, a Minnesota Corporation, and
TARGET.COM, a Minnesota Corporation,

    Defendants.

## COMPLAINT AND JURY DEMAND

Registrar Systems LLC ("Registrar"), by and through its undersigned attorneys, states its complaint as follows:

### I. INTRODUCTION

1.    Amazon.com, Inc. ("Amazon.com") claims to own a technology whereby a user will input certain of his or her personal information on an Amazon.com associated Website, and thereafter, whenever that user goes to the same or another Amazon.com associated Website, the registered information will be available to facilitate another purchase. In approximately 2004, Amazon.com agreed to provide this service to Target Corporation and Target.com to facilitate Target-consumer's on-line purchases. (Amazon.com, Target Corporation, and Target.com are hereinafter collectively referred to as "Defendants"). As a result, users of Target.com can use their "stored" information from Amazon.com or other Amazon.com associated web-sites when shopping on Target.com. This technological ability to

"store" user's information and the subsequent dissemination of the "stored" information, however, was invented in 1995 by John R. Klug and Thad D. Peterson (collectively, the "Inventors").  The Inventors have thus far received two patents on their inventions related to this technology, giving them or their assignees the right to preclude all others from practicing the claimed inventions.  All right, title and interest in and to these inventions have been assigned from the Inventors to Plaintiff Registrar Systems, LLC ("Registrar" or "Plaintiff").  Registrar learned of Defendants' infringing activity in 2005.  Registrar brings this action to prevent the further infringement of its patents.  Defendants' infringement of Registrar's patents warrants preliminary and permanent injunctive relief, damages, treble damages, costs and attorneys' fees.

## II.  PARTIES, JURISDICTION AND VENUE

2. Registrar Systems LLC is a limited liability company organized and existing pursuant to the laws of the state of Colorado with its principal place of business at 12600 West Cedar Drive, Denver, Colorado.

3. Amazon.com is a corporation organized and existing pursuant to the laws of the state of Delaware with its principal place of business at 1200 12th Ave. South, Ste. 1200 Seattle, Washington 98144.

4. Target Corporation is a corporation organized and existing pursuant to the laws of the state of Minnesota with its principle place of business at 1000 Nicollet Mall Minneapolis, Minnesota 55403.

5. Target.com is a Subsidiary Corporation of Target Corporation and is organized and existing pursuant to the laws of the state of Minnesota with its principle place of business at 33 S. 6th St Minneapolis, Minnesota 55402.

6. This action arises pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.,* including 35 U.S.C. §§ 271 and 281.

7. This Court has federal question jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Registrar seeks relief under the Patent Act, including remedies for patent infringement.

8. General personal jurisdiction exists over Amazon.com because it has continuous and systematic contacts with this forum as a result of business regularly conducted within the State of Colorado and this judicial district via sales over the World Wide Web and Internet. Amazon.com maintains at least 10,000 sales to residents of the state of Colorado each year. The Court also has specific personal jurisdiction over Amazon.com because its infringing technology is utilized on its World Wide Website by residents located in the state of Colorado, and thus has committed patent infringement in this state.

9. General personal jurisdiction exists over Target and Target.com because they have continuous and systematic contacts with this forum as a result of business regularly conducted within the State of Colorado and this judicial district in at least twenty (20) Target stores located in the state. In addition, the Court has specific personal jurisdiction over Target and Target.com because the infringing technology is utilized on their World Wide Website, Target.com, by residents located in the state of Colorado, and thus they have committed patent infringement in this state.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 because Registrar has suffered injury in this district and because Amazon.com, Target, and Target.com have committed acts of patent infringement in this district.

### III.  FACTUAL BACKGROUND

**A.  The Patents-In-Suit.**

11. Registrar is the assignee of United States Patent No. 5,790,785, issued August 4, 1998 (the "`785 Patent") and United States Patent No. 6,823,327, issued November 23, 2004 (the "`327 Patent") (collectively the "patents-in-suit"), both of which relate to, among other things, the storage and registration of information for processing on computers and for use on the World Wide Web.

12. For example, to read the Wall Street Journal "online," the subscriber and Internet user has to "register" on the Journal Website by filling out a form with the user's personal information. This information includes, among other things, entering one's name, address, phone numbers, "username" and "password" which enable the user to access the Journal on the Web whenever he or she desires.

13. Recognizing that users would likely have to fill out countless similar forms for many different Websites, in 1995, the Inventors conceived of a system and methodology whereby upon being provided with a user's registration information, the Website or a server could automatically provide some or all of the previously provided user's information to other Website operators, such as online merchants. The Inventors thought that online commerce could be enhanced by facilitating the controlled dissemination of user's information from a central repository, such as a "registrar web site," to other web site operators.

14.     The Inventors filed for and were granted the '785 and '327 Patents. These Patents are both entitled "World Wide Web Registration and Information Processing System."

15.     Specifically, the `785 Patent includes thirteen (13) method claims and one apparatus claim concerning a "World Wide Web Registration Information Processing System." Independent claim number one, for example, essentially recites a method for registering a user at a plurality of Internet nodes (e.g., web sites) by storing the user's information in a first database, storing the information in a second database, providing a user with an identifier that allows access to the information (as stored in either the first database and/or the second database) and supplying to a third web site the user identifier and the stored information (from one of the two databases). Thus, claim one essentially recites a method by which user information stored in a central repository can be automatically provided (e.g., with the user's permission) to another on-line merchants by simply providing the merchant with a user identifier.

16.     The `327 Patent is a continuation of the application that issued as the '785 Patent and has twenty method claims and one article of manufacture claim. By way of example, independent claim number twenty (20) essentially recites a method for communicating user information to one or more Web sites by receiving and storing user information in a database, associating a user identifier with the stored information and upon communicating a user identifier to a Web site, the Web site receives (some or all of) the stored information such that the user is sufficiently identified to the Web site to accomplish the given on-line activity.

**B.     The Infringing Activity.**

17.     When an online user shops at Target.com, such user "browses" through the Website to seek out items he or she may want to purchase. Upon information and belief, Target.com, is in the top ten of all Internet retailers based on "Web-traffic." (Numbers of users that visit a Website).

18.     Once the user chooses an item to purchase, for example, a DVD player, he or she "adds" the item to their shopping cart.

19.     The user can then either select to "continue shopping" or "continue checkout."

20.     If the user decides to checkout, he or she is taken to a new Webpage where the user must enter his or her "Target.com Account" information, "sign up" for Target.com, or they can choose to enter the user's "Amazon.com Account" information.

21.     Next to the "Amazon.com Account" "link" is a "link" that allows users to "learn more."

22.     By "clicking" on the "learn more" link, the user is taken to a new Webpage whereby the user learns how Target.com and Amazon.com have "teamed up" to provide users "with all you expect from Target, coupled with the technical innovation and convenience you've enjoyed from Amazon.com."

23.     The Webpage also informs the user that "when you create an account at Target.com, Amazon.com will store and use your Target.com account information on behalf of Target.com, including any address information created in previous visits to Target.com. At the time you create your Target.com account you can choose to use your Target.com account credentials (e-mail and password) and address book on Amazon.com."

24. Further, the Web page tells the users that "if you're already an Amazon.com guest, we give you the option of using your existing Amazon.com address book, credit cards and sign-in information on Target.com to avoid having to enter the information again. When you do this, Amazon.com will provide Target.com with your Amazon.com account information."

25. Amazon.com provides other on-line merchants with the same or similar capabilities that it provides to Target.com. Specifically, Amazon.com supplies other merchants with a user's information upon the user inputting a user identifier. For example, Amazon.com and TOYS "R" US co-brand a web site which enables a TOYS "R" US customer to shop on-line. On that site, a user can purchase a toy (from TOYS "R" US) by simply inputting his or her Amazon.com user identifier and password. Upon information and belief, Amazon.com then provides TOYS "R" US with the user's registration information (stored by Amazon.com) necessary to complete the transaction and fulfill the order.

26. Amazon.com also shares user's information with many other web "merchants," "featured sellers," and affiliated entities. Upon information and belief, according to Amazon.com's and the merchant's privacy policies, Amazon.com shares user's information with many well-known companies including, but not limited to, Bombay Co., Office Depot, Bose, Crutchfield, Nordstrom, Polo, Macy's, Lands' End Direct Merchants, Urban Outfitters, Shane Co., Reed's Jewelers, Something Silver, Luxuria Fine Jewelry, BlueFly, Cooking.com, AutoZone, JCPenney, and others.

27. These are the very activities and abilities that Plaintiff's patents protect.

28. Neither Amazon.com, Target.com, nor any of Amazon.com's "merchants" or "featured sellers" has licensed the '785 or '327 patents, and such activities are infringing and form the basis for this complaint.

## IV.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Infringement of the `785 Patent)

29. Registrar incorporates the foregoing paragraphs as if fully set forth herein

30. Registrar is the assignee of United States Patent 5,790,785.

31. The `785 Patent is valid and enforceable.

32. Collectively, Defendants utilize and implement technologies that allows Website users to "store" registration data while shopping on the World Wide Websites of Amazon.com and Target.com, which infringe one or more claims of the `785 Patent, contribute to the infringement of one or more claims of the '785 Patent, and/or induce infringement of the `785 Patent, in violation of 35 U.S.C. § 271.

33. Amazon.com, alone and/or in conjunction with one or more third party merchants, such as TOYS "R" US, utilizes and implements technologies that allow Website users to "store" registration data while shopping on the Amazon.com associated Websites.  In addition to its infringing conduct set forth in Paragraph 32, above, by engaging in, facilitating and/or encouraging this activity separately from the Target Defendants, Amazon.com also independently infringes one or more claims of the `785 Patent, contributes to the infringement of one or more claims of the '785 Patent, and/or induces infringement of the `785 Patent, in violation of 35 U.S.C. § 271.

34. Registrar has been and will continue to be irreparably damaged as a result of Defendant's infringement of the `785 Patent for which monetary damages will not fully compensate Registrar. Unless enjoined by the Court, Defendants will continue to infringe the `785 Patent causing harm to Registrar for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Infringement of the `327 Patent)

35. Registrar incorporates the foregoing paragraphs as if fully set forth herein.

36. Registrar is the assignee of United States Patent 6,823,327.

37. The `327 Patent is valid and enforceable.

38. Defendants utilize and implement technologies that allow Website users to "store" registration data while shopping on the World Wide Websites of Amazon.com and Target.com, which infringe one or more claims of the `327 Patent, contribute to the infringement of one or more claims of the '785 Patent, and/or induce infringement of the `785 Patent, in violation of 35 U.S.C. § 271.

39. Amazon.com, alone and/or in conjunction with one or more third party merchants, such as TOYS "R" US, utilizes and implements technologies that allow Website users to "store" registration data while shopping on Amazon.com associated Websites. In addition to its infringing conduct set forth in Paragraph 38, above, by engaging in, facilitating and/or encouraging this activity separately from the Target Defendants, Amazon.com also independently infringes one or more claims of the `327 Patent, contributes to the infringement of one or more claims of the '327 Patent, and/or induces infringement of the `327 Patent, in violation of 35 U.S.C. § 271.

40. Registrar has been and will continue to be irreparably damaged as a result of Defendant's infringement of the `327 Patent for which monetary damages will not fully compensate Registrar. Unless enjoined by the Court, Defendants will continue to infringe the `327 Patent causing harm to Registrar for which there is no adequate remedy at law.

## V. PRAYER FOR RELIEF

**WHEREFORE** Registrar requests that this Court enter judgment in its favor granting the following relief:

1. Enter an Order declaring that the `785 Patent and `327 Patent are valid and have been infringed by Defendants;

2. Enter an Order preliminarily and permanently enjoining Amazon.com, Target Corporation, and Target.com, its officers, directors, employees, agents, affiliates, subsidiaries, parents, successors, representatives and all persons acting or claiming to act on behalf of Amazon.com, Target Corporation, and Target.com or under Amazon.com's, Target Corporation's, and Target.com's direction, from directly or contributorily infringing, or inducing infringement of the `785 and `327 Patents, including enjoining any further use of the infringing technologies;

3. Enter judgment in favor of Registrar and against all Defendants, jointly and severally, for damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial, but in no event less than a reasonable royalty for infringement of the `785 Patent and the `327 Patent;

4. Enter judgment in favor of Registrar and against all Defendants, jointly and severally, for pre-judgment interest, as provided by law;

5.       Enter judgment in favor of Registrar and against Defendants, jointly and severally, finding that this is an exceptional case pursuant to 35 U.S.C. § 285, and ordering payment for its reasonable costs and attorneys' fees, as provided by that statute or otherwise as provided by law; and

6.       Award such other and further relief as this Court deems just and proper.

## VI.   JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Registrar hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 30th day of December, 2005.

> s/ Tucker K. Trautman
> Tucker K. Trautman
> Gregory S. Tamkin
> Evan M. Rothstein
> DORSEY & WHITNEY LLP
> Republic Plaza Building, Suite 4700
> 370 17th Street
> Denver, CO 80202-5647
> Telephone:  (303) 629-3400
> Facsimile:   (303) 629-3450
> E-mail:  trautman.tucker@dorsey.com
> E-mail:  tamkin.greg@dorsey.com
> E-mail:  rothstein.evan@dorsey.com
>
> **ATTORNEYS FOR PLAINTIFF REGISTRAR SYSTEMS LLC**

Plaintiff:
Registrar Systems LLC
12600 West Cedar Drive
Denver, Colorado 80228