**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02676-MSK-PAC

REGISTRAR SYSTEMS LLC, a Colorado limited liability corporation,

      Plaintiff,

      v.

AMAZON.COM, INC. a Delaware corporation, and
TARGET CORPORATION, a Minnesota corporation,

      Defendants.

---

**DEFENDANTS AMAZON.COM, INC. AND TARGET CORPORATION'S**
**MOTION TO DISMISS THE AMENDED COMPLAINT UNDER**
**FED. R. CIV. P. 12(b)(1), 12(b)(6), 12(b)(7), AND 12(f)**

---

      **COME NOW** Defendants Amazon.com, Inc. and Target Corporation[1] who move to dismiss Plaintiff's Claims for Relief in the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), 12(b)(7), and 12(f).

      Defendants certify that, pursuant to D.C.COLO.L.CivR 7.1(A), counsel discussed the grounds for this motion and the relief requested with counsel for the Plaintiff on February 10 (regarding the original Complaint) and February 20, 2006 (regarding the Amended Complaint), and exchanged several letters thereon as well.  Plaintiff has agreed that the parties have met and conferred on these issues, but opposes the relief requested herein.

---

[1]    Target Corporation's unincorporated business division, Target.com, was named as a defendant in Plaintiff's original Complaint, but not in the Amended Complaint.

**ALLEGATIONS OF FACT**

The Amended Complaint asserts two patents said to "relate to, among other things, the storage and registration of information for processing on computers and for use on the World Wide Web." (Amended Complaint, ¶ 11).  It purports to state claims for contributory patent infringement under 35 U.S.C. § 271(c), inducement patent infringement under 35 U.S.C. § 271(b), and direct patent infringement under Section 271(a), and it seeks relief for past damages without any time limit, for treble damages, for attorneys' fees, and for an "exceptional case" declaration.  But, as explained below, it fails to plead the necessary factual prerequisites for most of these claims and most of this relief.

Materials outside the pleadings need not be considered in resolving this Motion.

**ARGUMENT**

**1.      The Amended Complaint Fails To State A Claim For
         35 U.S.C. § 271(c) Contributory Infringement By Amazon.com**

A.      <u>Elements</u>:  To state a claim for contributory infringement under 35 U.S.C. § 271(c), a plaintiff must allege:

(i) that a third party committed direct infringement, <u>see</u> <u>Cross Medical Products, Inc. v. Medtronic Sofamor Danek, Inc.</u>, 424 F.3d 1293, 1312 (Fed. Cir. 2005);

(ii) that the alleged contributory infringer offered to sell or sold within the United States or imported into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, <u>see</u> 35 U.S.C. § 271(c);

(iii) the alleged contributory infringer knowing the same to be especially made or especially adapted for use in an infringement of such patent, <u>see</u> <u>id</u>.; and

(iv) the alleged contributory infringer knowing the same not to be a staple article or commodity of commerce suitable for substantial non-infringing use, see id.

B.   Elements Not Supported by Amended Complaint:  Plaintiff alleges contributory infringement against only Amazon.com.  With respect to the '327 patent, Plaintiff has not alleged even a single essential element of contributory infringement.  With respect to the '785 patent, Plaintiff has not pled sufficient facts to establish the first, second or fourth elements.  For the sake of simplicity, this Motion will address only three of the missing elements.

element (ii):  Plaintiff's Amended Complaint arguably hints that Amazon.com is using the patented methods and apparatus in providing Web site services, but it does not allege that Amazon.com has "offered to sell or sold … or imported" a component, material or apparatus satisfying the requirements of 35 U.S.C. § 271(c).  The definition of a "sale" under Section 271 is:  "The transfer of property or title for a price."  NTP, Inc. v. Research In Motion, Ltd., 418 F.3d 1282, 1319 (Fed. Cir. 2005) (quoting Black's Law Dictionary 1337 (7th ed.1999)).  Thus, a sale requires "a transfer of title or property" and "a thing capable of being transferred."  Id.  According to the Federal Circuit:

> It is difficult to apply this concept [of a sale] to a method claim consisting of a series of acts.  See Minton v. Nat'l Ass'n of Sec. Dealers, Inc., 336 F.3d 1373, 1378 (Fed. Cir. 2003) ("[A] process is a series of acts, and the concept of sale as applied to those acts is ambiguous.").  It is difficult to envision what property is transferred merely by one party performing the steps of a method claim in exchange for payment by another party.

NTP, 418 F.3d at 1319 (holding that the defendant's performance of at least some of the recited steps of the asserted method claims as a service for its customers could not be considered to be selling or offering to sell the invention covered by the asserted method claims).

To make an "offer to sell" under Section 271, a defendant must communicate to prospective buyers both a description of the product and a price at which it can be purchased. HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1308 (Fed. Cir. 1999) (citation omitted).

In this case, the patented invention is alleged to consist of "technologies that allow Website users to 'store' registration data while shopping on [websites]" (Amended Complaint, ¶¶ 34-36, 41-43).  The Amended Complaint states that Amazon.com "utilizes and implements technologies that allow Website users to" perform a certain activity (id., ¶¶ 34, 36, 41, 43 (emphases added)), and that Amazon.com was also "engaging in, facilitating and/or encouraging this activity" (id., ¶¶ 36, 43 (emphases added)).  However, none of those alleged actions is the type of action listed in Section 271(c) (sale, offer to sell, or import).  The Amended Complaint does not allege, directly or indirectly, that Amazon.com has sold or offered to sell the alleged invention covered by the asserted method claims.  See NTP, 418 F.3d at 1319.

Specifically, Plaintiff has not alleged that Amazon.com has sold or offered to sell components of its Web site's electronic commerce Web store.  Web merchants such as Amazon.com use Web stores to offer and sell merchandise, but it is the merchandise which is sold to customers, not the Web stores themselves (or components thereof).  Analogously, "bricks and mortar" merchants such as Target and Wal-Mart sell inventory to customers, not components of the very buildings which form Target or Wal-Mart stores.  As Plaintiff has been unable to allege "a transfer of title or property" by Amazon.com which infringes the asserted claims, see NTP, 418 F.3d at 1319, this simply is not a case involving anything like "contributory" infringement and Plaintiff should not be permitted to pursue this inapplicable cause of action.

**element (iii)**:  Having sued Amazon.com without warning, Plaintiff does not allege that Amazon.com had actual knowledge of the '327 patent before Plaintiff filed suit, as is required for a claim of contributory patent infringement.  See Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 488-91 (1964).  The Amended Complaint's statement that Amazon.com "has known or should have known of the '327 Patent" (Amended Complaint, ¶ 17), is insufficient to allege actual knowledge.  As the Amended Complaint does not allege Amazon.com's actual knowledge of the '327 patent pre-suit, it naturally fails to allege that Amazon.com offered to sell, sold or imported a component "knowing the same to be especially made or especially adapted for use in an infringement of such patent."  See 35 U.S.C. 271(c) (emphasis added).  Accordingly, the allegations of the Amended Complaint are insufficient to plead element (iii) of contributory infringement with respect to the '327 patent.

**element (iv)**:  The Amended Complaint also fails to satisfy "the final requirement of § 271(c), that of alleging the item sold is not suitable for substantial non-infringing use."  See Shearing v. Optical Radiation Corp., 1994 WL 38244, *2 (D. Nev. 1994) (granting the defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim for contributory infringement) (citing Dana Corp. v. American Precision Co., 827 F.2d 755 (Fed. Cir. 1987)).  When determining whether an accused product has a substantial non-infringing use, it is "the thing sold," not some ingredient or portion of the accused product, that matters.  Hodosh v. Block Drug Co., 833 F.2d 1575 (Fed. Cir. 1987).  Of course, since the Amended Complaint fails to identify any item or thing sold by Amazon.com, as discussed under element (ii) above, it necessarily fails to allege that the (omitted) item or thing sold is unsuitable for substantial non-infringing use.

    **2.**    **The Amended Complaint Fails To State A Claim For 35 U.S.C. § 271(b) Inducement Of Infringement By Amazon.com Or Target Corp.**

    A.    <u>Elements</u>:  To state a claim for inducement of infringement under 35 U.S.C. § 271(b), a plaintiff must allege:

(i) direct infringement by a third party allegedly induced to infringe, <u>see</u> <u>Water Technologies Corp. v. Calco</u>, 850 F.2d 660, 668 (Fed. Cir. 1988);

(ii) the inducer's knowledge of the asserted patent, <u>see</u> <u>Insituform Technologies, Inc. v. Cat Contracting, Inc.</u>, 161 F.3d 688, 695 (Fed. Cir. 1998);

(iii) the inducer's "actual intent to cause the acts which he knew or should have known would induce actual infringements," <u>Manville Sales Corp. v. Paramount Systems</u>, 917 F.2d 544, 553 (Fed. Cir. 1990); and

(iv) the commission of an act that constitutes inducement, not merely the power to act or the failure to act, <u>see</u> <u>Beverly Hills Fan Co. v. Royal Sovereign Corp.</u>, 21 F.3d 1558, 1569 (Fed. Cir. 1994).

    B.    <u>Elements Not Supported by Amended Complaint</u>:  Plaintiff alleges inducement infringement against both Defendants.  With respect to the '327 patent, Plaintiff has not alleged even a single element for inducement of infringement against either Defendant.  With respect to the '785 patent, Plaintiff has not alleged a single element against Target Corporation, and has not alleged the first, third or fourth elements against Amazon.com.  Again, for the sake of simplicity, this Motion will address only three of the missing elements.

    **element (ii)**:  As discussed more fully above, under element (iii) for contributory infringement, the Amended Complaint fails to state a claim for inducement of infringement of the '327 patent because Plaintiff has not alleged that either Defendant had

knowledge of the '327 patent before this action commenced.  The Amended Complaint does not

allege actual or constructive knowledge by Amazon.com, relying instead upon the mere

conclusory statement that Amazon.com "should have known" of the '327 patent.  (Amended

Complaint, ¶ 17).  Moreover, in paragraph 18 of the Amended Complaint, Plaintiff admits that

Target Corporation did not have pre-suit knowledge of either the '327 or the '785 patent, as

"Target Corp. acquired knowledge of the Asserted '785 and '327 Patents upon receiving service

of the Complaint in this action."  The service of the Complaint cannot provide this missing

element because a Complaint, and an amended Complaint, must state a claim based on pre-suit

facts.  Cf. Fed. R. Civ. P. 15(d) (a supplemental Complaint may allege post-Complaint

occurrences).

Although Plaintiff has alleged that Amazon.com had pre-suit knowledge of the '785

patent (Amended Complaint, ¶ 17), it does not allege pre-suit knowledge of the '327 patent by

either Defendant or pre-suit knowledge of the '785 patent by Target Corporation.  This is one

way in which the Amended Complaint fails to state a claim for inducement infringement.

**element (iii)**:  Plaintiff has not alleged that either Defendant specifically

intended to perform acts that it knew would induce third party infringement.  See Manville Sales

Corp. v. Paramount Systems, 917 F.2d 544, 553 (Fed. Cir. 1990).

Instead, Plaintiff merely makes the conclusory allegation that Amazon.com "utilizes and

implements technologies … which infringe…, contribute to the infringement…, and/or induce

infringement" of the asserted patents.  (Amended Complaint, ¶¶ 34, 41 (emphasis added)).

Paragraphs 36 and 43 also state that Amazon.com "independently infringes … and/or induces

infringement" of the asserted patents.  (emphasis added).  Such bald assertions, which are stated

in the alternative and made without alleging any facts supporting the requisite intent, are insufficient to state a claim for inducement.

In similar fashion, paragraphs 35 and 42 of the Amended Complaint state that "Target has been inducing and continues to induce infringement" of the asserted patents.  However, Plaintiff has not alleged Target's specific intent to induce infringement and has not provided any factual basis to infer such intent.

Accordingly, the Amended Complaint fails to state a claim for inducement of infringement because Plaintiff has not alleged that either Defendant specifically intended to induce infringement.

element (iv):  Plaintiff also has not alleged that either Defendant committed any particular acts which encouraged third party infringement.  The Amended Complaint merely states that each Defendant "utilizes and implements technologies that allow Website users" to infringe, (Amended Complaint, ¶¶ 34-36, 41-43 (emphasis added)) and that Amazon.com also infringes "by engaging in, facilitating and/or encouraging this activity…," (id., ¶¶ 36, 43 (emphasis added)).

A claim for inducement, however, must identify the defendant's commission of an act that actively encourages infringement by others, not merely the power or failure to act to avoid such infringement.  See Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1569 (Fed. Cir. 1994).  Plaintiff's suggestion that Defendants "allow" infringement by others is insufficient to allege that Defendants took actions to actively encourage such infringement.

Furthermore, the Amended Complaint is deficient for its reliance upon Defendants' same (unspecified) actions as constituting both direct infringement and inducement of infringement.

See, e.g., U.S. Fidelity & Guaranty Co. v. Star Techs., Inc., 935 F. Supp. 1110, 1115 (D. Or.
1996) (noting that "a direct infringer cannot also be liable as an inducer to infringe based on the
same act").  Every paragraph in the Amended Complaint that accuses Defendants of inducement
of infringement appears to rely upon the same conduct that is said to constitute direct
infringement.  (Amended Complaint, ¶¶ 34-36, 41-43).

     **3.**     **The Amended Complaint Fails To State A
Claim of Direct Infringement Against Target Corporation**

     A.     <u>Elements</u>:  To state a claim for direct of infringement, a plaintiff must
allege that the defendant:  "without authority makes, uses, offers to sell, or sells any patented
invention, within the United States, or imports into the United States any patented invention
during the term of the patent therefor."  35 U.S.C. § 271(a).

     B.     <u>Elements Not Supported by Amended Complaint</u>:  The Amended
Complaint does not allege against Target Corp. the core element of direct infringement, namely
that Target Corp. "makes, uses, offers to sell, or sells any patented invention, within the United
States, or imports into the United States any patented invention."  Most of the alleged
"inventions" patented in the asserted patents are directed to methods.  To use a patented method,
one must perform each step of the method.  NTP, Inc. v. Research In Motion, Ltd., 418 F.3d
1282, 1318 (Fed. Cir. 2005); Roberts Dairy Co. v. United States, 530 F.2d 1342, 1354 (Ct. Cl.
1976) ("Thus, in order to find infringement in the present case, each and every step of each of the
[method] claims of the patents in suit, or an equivalent thereof, must have been practiced by the
defendant.").

Plaintiff has not alleged that Target Corp. itself performs each step of a patented method. Nor does Plaintiff allege that Target Corp. makes, uses, offers to sell, sells or imports any patented apparatus.  Instead, Plaintiff attempts to lump the Defendants together, alleging that Target directly infringes the asserted patents "through working in conjunction with Amazon.com."  (Amended Complaint, ¶¶ 35, 42 (emphasis added)).  Although the "Target.com" Web site is alleged to provide certain capabilities for sharing information (see id., ¶¶ 19-26), Plaintiff has not alleged that Target Corp. made, sold, offered for sale, used (operated) or imported the computer equipment which powers that Web site.  To the contrary, Plaintiff acknowledges that "Amazon.com agreed to provide this service to Target Corporation … to facilitate the Target consumer's on-line purchases." (Id., ¶1 (emphasis added)).  Thus, the Amended Complaint's allegations are insufficient to state a claim of direct infringement against Target Corporation.

For the foregoing reasons, the Amended Complaint fails to state a claim for any kind of patent infringement, or anything else, against Target Corporation.  As Defendants requested Plaintiff to correct these deficiencies if it could in good faith, and Plaintiff amended its Complaint but without correcting these deficiencies, it is appropriate for this Court to dismiss the Amended Complaint against Target Corporation with prejudice.

### 4.   The Amended Complaint Fails To Allege Plaintiff's Standing To Sue For Pre-Assignment Infringement

A.   Grounds for Dismissal:  As Plaintiff's lack of standing is a jurisdictional issue, this portion of this Motion is brought under Fed. R. Civ. P. 12(b)(1).  See Colorado Environmental Coalition v. Wenker, 353 F.3d 1221, 1227 (10th Cir. 2004).  Dismissal also is appropriate under Rule 12(b)(7) for failure to join an indispensable party under Rule 19.

B.     Burden of Proof:  It is well settled that standing cannot be "inferred argumentatively from averments in the pleadings," Grace v. Am. Cent. Ins. Co., 109 U.S. 278, 284 (1883), but rather "must affirmatively appear in the record," Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884).  Additionally, the party who seeks the exercise of jurisdiction in its favor has the burden of clearly alleging facts demonstrating that it is a proper party to invoke judicial resolution of the dispute.  Id.  See also Ortho Pharmaceutical Corp. v. Genetics Institute, Inc., 52 F.3d 1026, 1032-33 (Fed. Cir. 1995) (holding that a plaintiff who is the assignee of a patent has the burden to establish standing).

C.     Controlling Law:  An assignment of all rights in a patent is not an assignment of a cause of action for past damages.  See, e.g., Moore v. Marsh, 74 U.S. (7 Wall.) 515, 522 (1868) ("it is a great mistake to suppose that the assignment of a patent carries with it a transfer of the right to damages for an infringement committed before such assignment"); Armstrong, Whitworth & Co. v. Norton, 15 App. D.C. 223 (D.C. Cir. 1899) ("It is very plain to us that the mere assignment of the patent does not of itself carry with it any such right of suit for previous infringement.").  Rather, an assignor typically retains the right of action for past damages, as "the person or persons owning the exclusive right at the time the infringement is committed." Moore v. Marsh, 74 U.S. (7 Wall.) 515, 522 (1868).  Even with an assignment of all "right, title, and interest" in a patent, the assignee lacks standing to collect damages for past infringement unless such additional right is expressly granted.  See Arachnid, Inc. v. Merit Industries, Inc., 939 F.2d 1574, 1576, 1579 n.7 (Fed. Cir. 1991).

D.     Pre-Assignment Standing Not Supported by Amended Complaint:
Although Plaintiff alleges ownership of the asserted patents by way of assignment (Amended

Complaint, ¶ 1), in neither the original nor the Amended Complaint has Plaintiff alleged its standing to sue for pre-assignment infringement of the asserted patents.  See Moore v. Marsh, 74 U.S. (7 Wall.) 515, 523 (1868) ("assignees could have no interest in a suit for an infringement committed before their right accrued").  Specifically, the Amended Complaint fails to allege that each former assignment of the asserted patents expressly transferred the right to sue for past infringement.  Without this allegation of the transfer of the right to collect all past damages, Defendants are exposed to the risk of a second suit on the same patents by their prior owner(s).

Only the prior owners of the asserted patents can be presumed to have standing to seek damages for the previous period of alleged infringement.  See id. at 522 ("[T]he right of action is given to the person or persons owning the exclusive right at the time the infringement is committed.  Subsequent sale and transfer of the exclusive right are no bar to an action to recover damages for an infringement committed before such sale and transfer.").  Such prior patent owners thus are indispensable parties under Fed. R. Civ. P. 19.  For example, the disposition of this action may impair their interest in claims for pre-assignment infringement by adjudging the patents to be invalid or unenforceable.  Also, failure to join the prior patent owners would prejudice Defendants, by subjecting them to the risk of duplicative suits, rather than allowing them "to respond in one action to all claims of infringement…."  See Independent Wireless Telegraph Co. v. Radio Corp. of America, 269 U.S. 459, 468 (1926).

As Plaintiff has not alleged standing to sue for pre-assignment infringement and has not joined the indispensable party or parties who would have such standing, this Court should dismiss this entire Amended Complaint for lack of standing and for failure to join an indispensable party.

**5.      The Amended Complaint Seeks Treble Damages,
Attorney Fees, And A Declaration Of Exceptional Case
Status Without Alleging the Factual Predicates Thereof**

A.      <u>Grounds for Dismissal</u>: Under Fed. R. Civ. P. 12(f), this Court should strike from the Amended Complaint Plaintiff's requests for treble damages, attorney fees and a declaration of exceptional case status (Amended Complaint, ¶ 1 and Prayer, ¶ 5), each of which is unavailable as a matter of law.

B.      <u>Predicate for Treble Damages</u>:  The enhancement of damages for patent infringement under 35 U.S.C. § 284 must be premised on willful infringement.  <u>See</u> <u>Read Corp. v. Portec, Inc.</u>, 970 F.2d 816, 830-31 (Fed. Cir. 1992).

C.      <u>Predicate Not Supported by Amended Complaint</u>:  Treble damages are unavailable as a matter of law because Plaintiff has not alleged willful infringement by either Defendant.  Moreover, before willfulness may be found, a defendant must have had actual notice of another's patent rights.  <u>See</u> <u>Rolls-Royce Ltd. v. GTE Valeron Corp.</u>, 800 F.2d 1101, 1109 (Fed. Cir. 1986).  Thus, Plaintiff's request for treble damages (Amended Complaint, ¶ 1) is doubly improper because Plaintiff has not alleged that either Defendant knew of the '327 patent or that Target Corporation knew of the '785 patent prior to suit.

D.      <u>Predicates for Exceptional Status and Attorney Fees</u>:  Although a court may award attorney fees under 35 U.S.C. § 285 in an "exceptional" case, declarations of exceptional status have been limited to instances of (i) willful infringement, (ii) bad faith, (iii) litigation misconduct, or (iv) unprofessional behavior.  <u>See</u> <u>Sensonics, Inc. v. Aerosonic Corp.</u>, 81 F.3d 1566, 1574 (Fed. Cir.1996).

E.      <u>Predicates Not Supported by Amended Complaint</u>:  Plaintiff has not alleged a single ground for declaring this to be an exceptional case: neither willful infringement, bad faith, litigation misconduct, nor unprofessional behavior.

Accordingly, this Court should strike Plaintiff's requests for treble damages, exceptional status and attorney fees from the Amended Complaint (Amended Complaint, ¶ 1 and Prayer, ¶ 5) under Fed. R. Civ. P. 12(f) as inappropriate remedies.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court to:

- dismiss Plaintiff's claims for contributory and inducement infringement, for failure to plead each essential element;

- dismiss Plaintiff's claim for direct infringement against Target Corporation and hence the entire Amended Complaint against Target, as it fails to state any claim against this Defendant;

- dismiss the Amended Complaint in its entirety against each Defendant as Plaintiff lacks standing to seek pre-assignment damages and has failed to join the indispensable party prior owner(s) of the patents; and

- strike the requested remedies of treble damages, "exceptional case" status, and attorney fees, as they are unavailable as a matter of law.

Respectfully submitted this 20th day of February, 2006.

s/  John D. Vandenberg
Hugh Q. Gottschalk
Julie M. Walker

- 14 -

Wheeler Trigg Kennedy LLP
1801 California Street, Suite 3600
Denver, CO 80202
Telephone:  (303) 244-1800
Facsimile:  (303) 244-1879
gottschalk@wtklaw.com
walker@wtklaw.com

Richard D. McLeod
John D. Vandenberg
Klarquist Sparkman, LLP
One World Trade Center, Suite 1600
121 S.W. Salmon Street
Portland, OR  97204
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301
richard.mcleod@klarquist.com
john.vandenberg@klarquist.com

*Attorneys for Defendants Amazon.com, Inc. and Target Corporation*

<u>**CERTIFICATE OF SERVICE (CM/ECF)**</u>

   I hereby certify that on February 20, 2006 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Hugh Gottschalk**
  gottschalk@wtklaw.com, hart@wtklaw.com; gottesfeld@wtklaw.com
- **Richard D. McLeod**
  rxm@klarquist.com, toni.lavelle@klarquist.com
- **Gregory Scot Tamkin**
  tamkin.greg@dorsey.com, chafin.kemper@dorsey.com; wildin.cindy@dorsey.com; bingham.shirley@dorsey.com
- **Tucker K. Trautman**
  trautman.tucker@dorsey.com, tribolet.angela@dorsey.com; chafin.kemper@dorsey.com; bingham.shirley@dorsey.com
- **John Donald Vandenberg**
  john.vandenberg@klarquist.com, elizabeth.super@klarquist.com
- **Julie M. Walker**
  walker@wtklaw.com, mcguire@wtklaw.com

          <u>s/  John D. Vandenberg by Elizabeth Super</u>
          Richard D. McLeod
          John D. Vandenberg
          Klarquist Sparkman, LLP
          One World Trade Center, Suite 1600
          121 S.W. Salmon Street
          Portland, OR  97204
          Telephone:  (503) 595-5300
          Facsimile: (503) 595-5301
          richard.mcleod@klarquist.com
          john.vandenberg@klarquist.com

          *Attorneys for Defendants Amazon.com, Inc. and Target Corporation*