*The Sedona Principles for Electronic Document Production*                                                January 2004

# The Sedona Principles for Electronic Document Production

1. Electronic data and documents are potentially discoverable under Fed. R. Civ. P. 34 or its state law equivalents. Organizations must properly preserve electronic data and documents that can reasonably be anticipated to be relevant to litigation.

2. When balancing the cost, burden, and need for electronic data and documents, courts and parties should apply the balancing standard embodied in Fed. R. Civ. P. 26(b)(2) and its state law equivalents, which require considering the technological feasibility and realistic costs of preserving, retrieving, producing, and reviewing electronic data, as well as the nature of the litigation and the amount in controversy.

3. Parties should confer early in discovery regarding the preservation and production of electronic data and documents when these matters are at issue in the litigation, and seek to agree on the scope of each party's rights and responsibilities.

4. Discovery requests should make as clear as possible what electronic documents and data are being asked for, while responses and objections to discovery should disclose the scope and limits of what is being produced.

5. The obligation to preserve electronic data and documents requires reasonable and good faith efforts to retain information that may be relevant to pending or threatened litigation. However, it is unreasonable to expect parties to take every conceivable step to preserve all potentially relevant data.

6. Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronic data and documents.

7. The requesting party has the burden on a motion to compel to show that the responding party's steps to preserve and produce relevant electronic data and documents were inadequate.

8. The primary source of electronic data and documents for production should be active data and information purposely stored in a manner that anticipates future business use and permits efficient searching and retrieval.  Resorting to disaster recovery backup tapes and other sources of data and documents requires the requesting party to demonstrate need and relevance that outweigh the cost, burden, and disruption of retrieving and processing the data from such sources.

9. Absent a showing of special need and relevance a responding party should not be required to preserve, review, or produce deleted, shadowed, fragmented, or residual data or documents.

10. A responding party should follow reasonable procedures to protect privileges and objections to production of electronic data and documents.

11. A responding party may satisfy its good faith obligation to preserve and produce potentially responsive electronic data and documents by using electronic tools and processes, such as data sampling, searching, or the use of selection criteria, to identify data most likely to contain responsive information.

12. Unless it is material to resolving the dispute, there is no obligation to preserve and produce metadata absent agreement of the parties or order of the court.

13. Absent a specific objection, agreement of the parties or order of the court, the reasonable costs of retrieving and reviewing electronic information for production should be borne by the responding party, unless the information sought is not reasonably available to the responding party in the ordinary course of business. If the data or formatting of the information sought is not reasonably available to the responding party in the ordinary course of business, then, absent special circumstances, the costs of retrieving and reviewing such electronic information should be shifted to the requesting party.

14. Sanctions, including spoliation findings, should only be considered by the court if, upon a showing of a clear duty to preserve, the court finds that there was an intentional or reckless failure to preserve and produce relevant electronic data and that there is reasonable probability that the loss of the evidence has materially prejudiced the adverse party.