IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02676-MSK-PAC

REGISTRAR SYSTEMS LLC, a Colorado limited liability corporation,

     Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation,
TARGET CORPORATION, a Minnesota corporation, and
TARGET.COM, a Minnesota corporation,

     Defendants.

---

## MINUTE ORDER

---

## ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN

IT IS HEREBY **ORDERED** that the Joint Motion for Confidentiality Stipulation and Protective Order dated June 2, 2006 (doc. 44) is granted.

The attached Stipulation and Protective Order shall be made an Order of the Court this date.

Dated:  June 26, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02676-MSK-PAC

REGISTRAR SYSTEMS LLC, a Colorado limited liability corporation,

      Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation, and
TARGET CORPORATION, a Minnesota corporation,

      Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

---

WHEREAS, the parties to the above-captioned litigation (the "Litigation") are each in the possession of confidential and highly confidential information and such information is being or may be sought in discovery;

WHEREAS, the parties agree that the production of information by each of them should take place subject to the provisions of a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the parties believe that the entry of a confidentiality stipulation and protective order will help facilitate third-party discovery and address third-parties' potential concerns about the confidentiality of their information; and

WHEREAS, the parties have reached agreement on the terms of this Confidentiality Stipulation and Protective Order ("Stipulation and Order"), subject to approval by the Court;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the parties to the above-captioned Litigation that,

1.      This Stipulation and Order governs the use and handling of documents, testimony, interrogatory responses, hearing transcripts and other information (other than information that is publicly known or available) designated as "Confidential" or "Highly Confidential," (collectively the "Protected Litigation Material") by Registrar Systems, LLC, Amazon.com, Inc., and Target Corporation, (individually a "Party" and collectively the "Parties") or by any third party to this litigation (any Party and any non-party producing Protected Litigation Material is referred to as a "Producing Party"), pursuant to the provisions herein. This shall include all copies, excerpts, summaries, pleadings, declarations, affidavits, reports, briefs, motions, transcripts, other writings, or testimony given in any deposition or pre-trial hearing, which contains Protected Litigation Material. The handling of Protected Litigation Material at trial will be the subject of a separate discussion between the Parties and the Court to take place prior to the commencement of trial.

2.      Protected Litigation Material shall be used and disclosed solely in connection with preparing for and conducting pre-trial, trial and appellate proceedings in this Litigation. Moreover, no attorney for either party, or for any law firm employed by either party, shall disclose or use any of the other 'parties' "Confidential" or "Highly Confidential" information produced in this case or reference such information produced in this case in connection with any other litigation. Each law firm representing any party to this litigation acknowledges and agrees that a condition of receiving any of the other party's "Confidential" or "Highly Confidential" information is that any such information shall not be used or disclosed in connection with any

other litigation, unless such information is obtained independently of this litigation and without reference to its production in this case.

3.      The Producing Party producing or disclosing Protected Litigation Material may designate it as either "Confidential" or "Highly Confidential." The "Confidential" designation shall be reserved for the Producing Party's non-public commercial or business information. The "Highly Confidential" designation shall be reserved for commercially sensitive agreements between any Producing Party and companies that are not Party to the litigation, including any drafts thereof, non-public internal financial reports and pricing or planning information, and any trade secret or other sensitive commercial, research or technical information that the Producing Party believes in good faith should be afforded the highest level of confidentiality by the Court.

4.      Where original documents are produced for inspection, the designation of "Confidential" or "Highly Confidential" shall be permitted by a group of documents; provided, however, that all documents or groups of documents produced may be produced as they are kept in the usual course of business. Once any such documents are selected for photocopying, however, the provisions of paragraph 5 below shall govern.

5.      The Producing Party or its counsel may designate any documents or other tangible material as "Confidential" by placing on or affixing to it, in a manner that shall not interfere with its legibility, the notation "CONFIDENTIAL" on either the first page of the document, assuming that the document is bound in some manner, or on each page or part of the document or thing containing such "Confidential" information. The Producing Party or its counsel may designate any documents or other tangible material as "Highly Confidential" by placing on or affixing to it, in a manner that shall not interfere with its legibility, the notation

"HIGHLY CONFIDENTIAL" on either the first page of the document, assuming that the document is bound in some manner, or on each page or part of the document or thing containing such "Highly Confidential" information.  If different copies of the same document are marked inconsistently as to the level of confidentiality, the Party that discovers such inconsistent marking shall immediately notify the other Party and/or the Producing Party, which shall then indicate in writing which level of confidentiality shall apply to the documents at issue.  Any disputes regarding these designations shall be resolved pursuant to Paragraph 25 of this Stipulation and Order.

6.      The Producing Party or its counsel may designate depositions or other testimony as "Confidential" or "Highly Confidential" by the following means:

a.      stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that this information is affected testimony, and the level of confidentiality shall also be stated on the record, either "Confidential" or "Highly Confidential," or

b.      sending written notice designating, by page and line, any portions of the transcript of the deposition or other testimony to be treated as "Confidential" or "Highly Confidential" within seven (7) days after receipt of the transcripts, during which seven (7) day period any such deposition or testimony shall be treated as "Highly Confidential."

7.      Any transcript designated "Confidential" or "Highly Confidential" shall be marked as including information that is "Confidential" or "Highly Confidential," respectively, and portions of any transcript so marked shall be given to or shown to only those persons who

would otherwise be permitted to view such "Confidential" or "Highly Confidential" material, respectively, pursuant to the terms of this Stipulation and Order.

8.      Absent written consent from the Producing Party or unless otherwise directed by the Court, Protected Litigation Material designated "Confidential," any copies thereof, and the information contained therein shall not be disclosed, given, shown or made available to anyone except:

a.      The Court (including Clerks and other Court personnel);

b.      The Parties, including their officers and employees to the extent necessary for the conduct of the Litigation, and their counsel of record, including in-house counsel, and their clerical and litigation support personnel, such as secretaries, paralegals and document clerks, or other support staff, who are employed by such counsel and are working under the express direction of such counsel;

c.      Court reporters who record deposition or other testimony in the Litigation;

d.      Subject to paragraphs 11-12, below, independent experts and consultants, including their administrative personnel, provided that disclosure is made solely for purposes of the Litigation and only after such expert/consultant signs the Confidentiality Agreement attached hereto as Exhibit A;

e.      Translators and interpreters of foreign language documents or testimony, provided that disclosure is made solely for purposes of the Litigation and only after such translator or interpreter signs the Confidentiality Agreement attached hereto as Exhibit A;

   f.  Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof;

   g.  Outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in the Litigation;

   h.  Any other person to whom the Parties agree in writing; and

   i.  Any other person to whom the Court specifically allows disclosure, after notification to the Producing Party by the Party seeking to make such disclosure, and an opportunity to respond by the Producing Party.

9.  Absent written consent from the Producing Party or unless otherwise directed by the Court, Protected Litigation Material designated "Highly Confidential," any copies thereof, and the information contained therein shall not be disclosed, given, shown or made available to anyone except:

   a.  The Court (including Clerks and other Court personnel);

   b.  The Parties' counsel of record including in-house counsel, and their clerical and litigation support personnel, such as secretaries, paralegals and document clerks, or other support staff who are employed by such counsel and are working under the express direction of such counsel;

   c.  Court reporters who record deposition or other testimony in the Litigation;

   d.  Subject to paragraphs 11-12, below, independent experts and consultants, including their administrative personnel, provided that disclosure is made solely for

purposes of the Litigation and only after each such expert/consultant signs the Confidentially Agreement attached hereto as Exhibit A;

e.     Translators and interpreters of foreign language documents or testimony, provided that disclosure to each such person shall be made solely for purposes of this Litigation and only after each such translator/interpreter signs the Confidentiality Agreement attached hereto as Exhibit A;

f.     Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof;

g.     Outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in the Litigation;

h.     Any other person to whom the Parties agree in writing; and

i.     Any other person to whom this Court specifically allows disclosure, after notification to the Producing Party by the Party seeking to make such disclosure, and an opportunity to respond by the Producing Party.

10.     Any persons in the categories of paragraphs 8(b) or 9(b) who access another party's Protected Litigation Material designated as "Highly Confidential" shall not engage in the following activities during this litigation and also for one year following the completion of this litigation:

a.     preparing and/or prosecuting or assisting, supervising, or advising in the preparation or prosecution of any claims and/or any application for a patent (or portion thereof, either in the United States or abroad (and including applications filed under the Patent Cooperation Treaty)), which claim priority, incorporate by reference, or otherwise

is in the same family chain as any patent-in-suit (e.g., applications identified at RS00024);

        b.      preparing and/or prosecuting or assisting, supervising, or advising in the preparation or prosecution of any claims and/or any application for a patent (or portion thereof, either in the United States or abroad (and including applications filed under the Patent Cooperation Treaty)), relating to:  the sharing of stored information to facilitate an electronic commerce transaction or the use of stored information to facilitate an electronic commerce transaction;

11.      A party desiring to have "Confidential" or "Highly Confidential" information of another Producing Party disclosed to any person pursuant to paragraphs 8(d) or 9(d) shall ensure that such person meets the following criteria: (1) the person shall not have received any form of compensation from the party retaining it for services unrelated to the litigation or unrelated to other disputes for the retaining party; (2) the person shall refrain from performing any services for the retaining party unrelated to the litigation or unrelated to other disputes for the retaining party, absent consent of the Producing Party, for a period of 18 months following the conclusion of the litigation; and (3) the person, by signing Exhibit A, agrees to (1) and (2) above, as well as the terms of this Order.  A party desiring to have "Confidential" or "Highly Confidential" information of another Producing Party disclosed to any person pursuant to paragraphs 8(e) or 9(e) shall ensure that such person signs Exhibit A of this Stipulation and Order and reads the entire Stipulation and Order.  Any person or entity receiving "Confidential" or "Highly Confidential" information pursuant to paragraphs 8(d), 8(e), 9(d) or 9(e) agrees to destroy or return all such information at the conclusion of the litigation.

12.     Each outside independent individual or business, to whom Protected Litigation Material of another party is sought to be disclosed, shall be identified to the other party by providing all parties with a copy of the executed Exhibit A, a CV, and an identification of any past or present employment or consulting relationships with any parties to this suit or their affiliates, at least five (5) business days prior to making any such disclosure so that the other party may object and seek further protection should it deem that necessary. If any party objects, no disclosure shall be made to such individual or business until the matter is resolved. Such objection, however, shall only be made in good faith and under the reasonable belief that the expert at issue has or had an outstanding or past conflict.

This provision shall not apply to copying and imaging vendor, mock juror, focus group member or jury consultants. While this provision applies to non-testifying expert consultants, neither communications with such experts, whether written or oral, nor such experts themselves are subject to discovery unless and until the expert has been identified as a testifying expert witness.

All executed versions of Exhibit A shall be treated as "Confidential" information under this Stipulation and Order.

13.     Any person obtaining information from Protected Litigation Material designated "Confidential" or "Highly Confidential" may not divulge that information to anyone who would not be permitted to have the information under the provisions of this Stipulation and Order. Protected Litigation Material shall be used only for the purposes of this Litigation.

14.     Any person who is permitted to view Protected Litigation Material pursuant to this Stipulation and Order shall be required to read this Order and shall be apprised by counsel that he or she is bound by the terms hereof.

15.     The recipient of any Protected Litigation Material that is provided pursuant to this Stipulation and Order shall maintain it in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use.

16.     Nothing in this Stipulation and Order shall prevent any Producing Party from disclosing its own Protected Litigation Material produced by it, whether or not also produced by the other Party, as it deems appropriate, and any such disclosure shall not be deemed a waiver of any other Party's rights or obligations under the Stipulation and Order.

17.     The Parties shall confer at or before the time their objections to trial exhibits are due to be served on the opposing Party regarding the use of "Confidential" or "Highly Confidential" Protected Litigation Material at trial and agree to present to the Court any disputes regarding the use of any exhibits containing "Confidential" or "Highly Confidential" Protected Litigation Material at trial.

18.     Protected Litigation Material shall not be copied or reproduced for use in the Litigation except to the extent such copying or reproduction is reasonably necessary to the conduct of the Litigation, and such copies or reproductions shall be subject to the terms of this Stipulation and Order.  If the duplication process by which copies or reproductions of Protected Litigation Material are made does not preserve the confidentiality designations that appear in the original of the documents, all such copies or reproductions shall be designated in the manner set forth in Paragraph 5 above.

19.     Complete or partial copies of Protected Litigation Material and summaries, digests, analyses, reports or other documents prepared from or containing Protected Litigation Material bearing the designations specified in Paragraph 5 above shall be treated as "Confidential" or "Highly Confidential" Protected Litigation Material, as designated under this Stipulation and Order.

20.     If Protected Litigation Material designated "Confidential" or "Highly Confidential," or quotations from or references to such material, are to be included in papers filed with or otherwise disclosed to the Court or in oral argument to the Court, such papers or the transcripts of such oral argument shall be filed with or disclosed to the Court pursuant to the provisions for filings under seal of Rule 7.3 of the Local Rules for the District of Colorado. Unless the Court denies the request for sealed filing, such papers or transcripts shall not be disclosed to any person who is not permitted to view such materials pursuant to the terms of this Stipulation and Order.

21.     Inadvertent production of documents, things or information subject to confidentiality restrictions, the attorney-client privilege or work-product immunity (despite the Producing Parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the confidentiality restriction, attorney-client privilege or work product immunity if a request for return of such documents or information is made promptly after the Producing Party learns of its inadvertent production.

22.     Should any information designated "Confidential" or "Highly Confidential," any copies or summaries thereof, or the contents of the information be disclosed in any manner, through inadvertence or otherwise, to any persons not authorized to receive them under this

Stipulation and Order, then the Party responsible for the unauthorized disclosure shall use its

best efforts to obtain the return of such information and bind such person to the terms of this

Stipulation and Order and shall (a) promptly provide such person a copy of this Stipulation and

Order, (b) use its best efforts to cause such person to acknowledge in a written statement, in the

form attached hereto as Exhibit A, that he or she has read the Stipulation and Order and agrees

to be bound by the terms thereof, and provide such written statement to the Producing Party, and

(c) identify such person immediately to the Producing Party.

23.     By this Stipulation and Order, the Parties do not waive any right to object to any

discovery request, or to the admission of evidence on any ground, or to seek any further

protective order, or to seek relief from the Court from any provision of this Stipulation and

Order by application on notice on any grounds.  The parties recognize that in the event the scope

of discovery exceeds the scope of technical topics set forth in paragraph 10(b), a party may

object to the production of documents and seek additional protection pursuant to this Order and

F.R.C.P. 26.

24.     Nothing herein shall be construed as limiting the Parties from using or disclosing

any information that is in the public domain or that, subsequent to the disclosure, becomes part

of the public domain other than by an act or violation of the terms of this Stipulation and Order.

Nor shall this Stipulation and Order be construed as limiting the Parties from using or disclosing

any information designated "Confidential" or "Highly Confidential" that was acquired by means

other than discovery in this Litigation, or from using or disclosing information that is in the

possession of a Party receiving such information without any confidentiality obligations at the

time of disclosure, information independently derived by a Party without reference to any

Protected Litigation Material, as evidenced by documentation, or information disclosed by a third party having the legal right to do so.

25.    If any Party to this Stipulation and Order objects to the designation of any Protected Litigation Material as "Confidential" or "Highly Confidential," the Party shall first state the objection in writing to the Producing Party. The Parties agree to confer in good faith within seven (7) days of such notice to resolve the dispute respecting the designation of Protected Litigation Materials under this Stipulation and Order. If the Parties are unable to resolve such dispute, any Party may thereafter move to have this Court rule on the dispute over the designation. In any dispute raised with this Court, the Producing Party making the designation shall bear the burden of showing that the challenged designation was appropriate. Until the Court rules on such dispute, the Protected Litigation Material in question shall continue to be treated as "Confidential" or "Highly Confidential," as designated.

26.    A copy of this Stipulation and Order shall be included in the service of any subpoena for documents directed to any non-party.

27.    Individuals who receive Protected Litigation Material produced in the Litigation agree to subject themselves to the jurisdiction of the United States District Court for the District of Colorado for the purposes of enforcement of the Stipulation and Order. The United States District Court for the District of Colorado shall retain jurisdiction to enforce the Stipulation and Order even after termination of this Litigation.

28.    Within sixty (60) days of the conclusion of the Litigation, by judgment, appeal or otherwise, all Protected Litigation Material designated "Confidential" or "Highly Confidential," all copies, digests or summaries thereof, and any other documents containing any such Protected

Case 1:05-cv-02676-MSK-PAC   Document 44-2    Filed 06/02/2006   Page 15 of 19

Litigation Material, shall be returned to counsel for the Producing Party or destroyed, except

that outside counsel of record may retain their work product and a single copy of each court

filing, trial or hearing transcript and exhibit, or confidential document dated prior to 1997,

provided said retained documents will continue to be treated as provided in this Stipulation and

Order. If a Party chooses to destroy Protected Litigation Material, counsel for the Party shall

certify as to the date, the method of destruction and the identification of such Protected

Litigation Material, and transmit such certification to opposing counsel within seven (7) days of

the completion of destruction.

29.     The obligations and duties arising under this Stipulation and Order and under any

acknowledgement or agreement pursuant thereto shall be effective upon execution by counsel

and shall survive the termination of this action.

30.     In the event anyone shall violate or threaten to violate any terms of this

Stipulation and Order, the Parties agree to confer in good faith within seven (7) days of the

aggrieved Party gaining knowledge of the alleged violation or potential violation, to resolve

such violation (or potential violation) of the terms of this Stipulation and Order. If the Parties

are unable to resolve the dispute, the aggrieved Party may thereafter move the Court to obtain

relief against any such person or entity.

31.     The Parties may modify the provisions of this Stipulation and Order at any time

by written stipulation endorsed by the Court.

Dated this 23rd day of June, 2006.

BY THE COURT

S| PATRICIA ACDAN

~~Honorable Marcia S. Krieger~~
United States District Court ~~Judge~~ Magistrate Judge
PATRICIA A CDAN

Agreed to and respectfully submitted this 2nd day of June, 2006.

s/ Gregory S. Tamkin
Tucker K. Trautman
Gregory S. Tamkin
Evan M. Rothstein
DORSEY & WHITNEY LLP
370 17th Street, Suite 4700
Denver, CO 80202-5647
Telephone:  303-629-3400
Facsimile:   303-629-3450
E-mail:  Trautman.Tucker@dorsey.com
E-mail:  Tamkin.Greg@dorsey.com
E-mail:  Rothstein.Evan@dorsey.com
**Attorneys for Plaintiff**
**Registrar Systems LLC**

s/ Kristin L. Cleveland
Kristin L. Cleveland
Richard D. McLeod
John D. Vandenberg
Klarquist Sparkman, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone:  503-595-5300
Facsimile:   503-595-5301
E-mail:    john.vandenberg@klarquist.com
E-mail:    kristin.cleveland@klarquist.com
E-mail:    richard.mcleod@klarquist.com

Hugh Q. Gottschalk
Julie M. Walker
WHEELER TRIGG KENNEDY LLP
1801 California Street, Suite 3600
Denver, CO 80202
Telephone:  303-244-1800
Facsimile:   303-244-1879
E-mail:  Gottschalk@wtklaw. com
E-mail:  Walker@wtklaw. com

**Attorneys for Defendants Amazon.com, Inc.,**
**and Target Corporation.**

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02676-MSK-PAC

REGISTRAR SYSTEMS LLC, a Colorado limited liability corporation,

     Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation, and
TARGET CORPORATION, a Minnesota corporation,

     Defendants.

---

### CONFIDENTIALITY AGREEMENT

---

I, _____, having been retained as an _____ of _____ in connection with the above-captioned lawsuit, hereby acknowledge that I am to be provided access to confidential information supplied by _____, as defined in the Protective Order dated _____.

My address is _____. My present employer is _____. My present occupation or job description is _____. Attached are a copy of my current resume or curriculum vitae and a full description of all my employment for the previous 10 years.

I certify my understanding that the confidential information is being provided to me pursuant to the terms and restrictions of the aforesaid Protective Order and that I have been given a copy of and have read and understood my obligations under that Protective Order.  I

hereby agree to be bound by the terms of the Order.  I understand that the confidential

information and my copies or notes relating thereto may be disclosed to or discussed with only

those persons permitted by the Protective Order to receive such information.

I will return on request all materials containing confidential information, copies thereof

and notes that I have prepared relating thereto, to outside trial counsel for the party with whom I

am associated.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order and waive any and all objections to jurisdiction and venue.

Respectfully submitted,

Dated: _____, 2006          By: _____