IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02676-MSK-PAC

REGISTRAR SYSTEMS LLC, a Colorado limited liability corporation,

      Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation, and
TARGET CORPORATION, a Minnesota corporation,

      Defendants.
_____

**OPINION AND ORDER STAYING ACTION**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Dismiss **(# 13)** the Amended Complaint, the Plaintiff's response **(# 18)**, and the Defendants' reply **(# 24)**; the Defendants' Motion to Stay **(# 20)** Pending Patent Office Reexamination Proceedings, the Plaintiff's response **(# 37)**, and the Defendants' reply **(# 38)**[1]; the Defendants' Unopposed Motion to Seal **(# 49)** certain exhibits; and the Plaintiff's Motion to Strike **(# 56)** certain exhibits attached by the Defendants to a brief, the Defendants' opposition **(# 58)**, and the Plaintiff's reply **(# 60)**.

## FACTS

According to the Amended Complaint **(# 12)**, the Plaintiff is the assigned owner of United States Patents No. 5,790,785 ("'785 patent") issued in 1998, and No. 6,823,327 ("'327 patent"),

---

[1] The Plaintiff moved for leave to file a sur-reply **(# 39)**, which the Defendants opposed **(# 41)**. The Court grants the Plaintiff's motion, and has considered its tendered sur-reply.

issued in 2004. Both patents involve the storage and registration of the personal information entered by users on one website, for purposes of dissemination to another website that the user later visits. Specifically, the patents describe how one website can collect user information such as names, addresses, and credit card numbers, and then provide that information to other participating websites that the user visits, relieving the user of the obligation to re-enter the same information at each new website. It alleges that Defendants Amazon.com, Inc. and Target Corporation, through its online presence target.com, infringe on the patents by employing similar technology, permitting Target customers to import their user information from amazon.com and vice-versa. The Amended Complaint asserts two causes of action, one for each patent, but each claim contains distinct sub-claims: (i) contributory infringement against Defendant Amazon; (ii) direct infringement by Defendant Target; (iii) inducing infringement by Defendant Target; (iv) direct infringement by Defendant Amazon, involving third-parties other than Defendant Target; and (v) inducing infringement by Defendant Amazon, involving those third parties.

The Defendants filed the instant Motion to Dismiss **(# 13)**, arguing: (i) the Plaintiff fails to state a claim for contributory infringement with regard to either patent, insofar as it does not allege a sale of the infringing product, does not allege Defendant Amazon's actual knowledge of the '327 patent, and does not allege that Defendant Amazon's product lacks substantial non-infringing uses; (ii) the Plaintiff fails to state a claim for inducing infringement against either Defendant, insofar as it fails to allege either Defendant's knowledge of the '327 patent or Defendant Target's knowledge of the '785 patent, fails to allege either parties' specific intent to induce infringement, and fails to identify any act that allegedly encouraged infringement by others; (iii) the Plaintiff fails to state a claim for direct infringement against Defendant Target, insofar as it

2

does not allege that Defendant Target makes, uses, or sells each aspect of the Plaintiff's patented method, nor that Defendant Target uses or makes any patented apparatus; (iv) the Plaintiff fails to allege its standing to sue for any acts of infringement prior it obtaining assignment of the patents; and (v) the Plaintiff fails to allege a factual predicate for its demand for treble damages, attorney's fees, and a declaration of exceptional case status.

Shortly thereafter, the Defendants moved to stay the case **(# 20)**, stating that they had requested the United States Patent Office to re-examine the patents at issue, based on the existence of an alleged prior art patent referred to as the "Ginter patent." On April 10, 2006, the Defendants notified **(# 29)** the Court that the Patent Office had granted the request for re-examination of the '785 patent, and on April 28, 2006, the Defendants notified **(# 40)** the Court that re-examination of the '327 patent was also granted. In both cases, all of the claims of each patent were subject to re-examination.

At the direction of the Court, both sides submitted *Markman* briefs. The Defendants' brief was supported by the affidavit of Andrew Tesnakis **(# 51)**, which included numerous exhibits. The Defendants filed an unopposed Motion to Seal **(# 49)**, with regard to certain of those exhibits **(# 50)**, on the grounds that the parties had entered into a Protective Order by which either party may declare certain filings as "confidential," and that the Plaintiff had so designated the exhibits sought to be sealed.

The Plaintiff moved to strike **(# 56)** certain exhibits submitted in conjunction with the Defendants' *Markman* brief, arguing that one exhibit was actually an attempt to exceed the Court's page limits, and that numerous other exhibits were not expressly referenced in the Defendants' brief.

## ANALYSIS

### A. Motion to Stay

The Court turns first to the Defendants' Motion to Stay, as any stay would affect the extent to which the remaining motions must be considered at this time. The Court has inherent power to manage its docket and to stay proceedings pending conclusion of the Patent Office's re-examination of the Plaintiff's patents. *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Although the concepts of re-examination of the patent by the Patent Office and, simultaneously, litigation of the patent in court are not inherently conflicting concepts, *id.* at 1427, in some circumstances, it is entirely appropriate to stay an action pending re-examination of the patent. *Slip Track Systems, Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1988). Among the factors to be considered in deciding whether to grant a stay are the prejudice that will be suffered by the non-movant, the stage of the litigation, whether discovery has been completed, and whether the matter is set for trial. *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F.Supp.1378, 1380 (N.D. Cal. 1994), *cited with approval in Slip Track*, 159 F.3d at 1341.

Here, the Plaintiff contends that a stay pending re-examination would unduly prejudice it because it would allow the Defendants' alleged infringement to continue unabated and would adversely affect the Plaintiff's ability to exploit its patents before their expiration in 2016. Of course, to the extent that the Defendants are infringing on the Plaintiff's patent, the Plaintiff will be entitled to damages to compensate it fully, whether the action proceeds to trial now or after re-examination. As to the argument that the Plaintiff is being harmed in its ability to market its patents, that contention is merely conclusory. The Plaintiff does not identify attempts it has made to license the patent that have been foiled by the ongoing alleged infringement of the Defendants,

nor articulated any explanation as to how the alleged infringement will harm any future attempts to license the patents while this case remains pending. The Plaintiff states that it will "be forced to sit on its hands during the reexamination proceedings," but the logic for this contention is not abundantly clear. Certainly, the re-examination might make potential licensees less willing to pay to use the Plaintiff's technology, but this is not a consequence of the <u>litigation</u> being stayed. Conversely, the pendency of this action does not prevent the Plaintiff from actively seeking to license its technology to interested parties.[2]

By contrast, the salutary effects of a stay pending re-examination are numerous. If the re-examination results in the complete nullification of the Plaintiff's patents, this case will effectively be mooted, and by staying the action, the Court will have spared the parties (and itself) the needless expenditure of resources. If the re-examination results in modification of the patents, the parties and the Court will again have been spared the expense of addressing disputes as to those parts of the patents that are modified; moreover, the modification of the patents may result in some or all of the issues in this case being narrowed, again rendering the proceedings here more efficient, or it may revive the possibility of settlement. If the patents are affirmed without modification, the parties are no worse for the delay, for the reasons explained above. Accordingly, the Court finds that a stay would, on balance, have beneficial effects that outweigh the minimal risk of prejudice to the Plaintiff.

The remaining factors are of lesser concern. Although the case is set for trial in November 2007, more than a year from now, the parties have not begun pretrial preparation, and thus, will

---

[2]If anything, the pendency of this action will convince potential licensees that the Plaintiff is serious about protecting its patents, leaving them the choice to either license the Plaintiff's technology or risk facing their own infringement suit.

not be inconvenienced by a last-minute stay. The parties have not engaged in any discovery, and have only filed opening briefs addressing *Markman* issues. All things considered, the case is in its infancy, when a stay would be least disruptive. Accordingly, the Court finds that staying the action pending re-examination of the patents is appropriate.

### B. Remaining motions

Because the Court stays the action in its entirety pending re-examination of the patents, it is unnecessary to address the remaining motions at this time. For administrative purposes, the pending motions are denied without prejudice. Upon the lifting of the stay, should some or all of the matters identified in the motions remain in need of resolution, the parties may refile the motions on their original papers, or modify them as necessary.

### CONCLUSION

For the foregoing reasons, the Defendants' Motion to Stay **(# 20)** is **GRANTED**. This action is **STAYED** in its entirety until such time as the Patent Office completes its re-examination of the patents in question, or until such time as the Court otherwise orders. The parties shall notify the Court immediately upon receipt of any final ruling by the Patent Office on either of the Plaintiff's patents at issue. The Defendants' Motion to Dismiss **(# 13)**, the Defendants' Unopposed Motion to Seal[3] **(# 49)**, and the Plaintiff's Motion to Strike **(# 56)** are **DENIED** without prejudice to refiling upon the lifting of the stay. The Plaintiff's Motion for Leave to File

---

[3]Although the Court denies the Motion to Seal, it has not considered the merits of the pleading to which the exhibits sought to be sealed relate. As a result, the public interest in obtaining access to these documents has yet to ripen. Thus, the Court will not direct their unsealing at this time.

a Sur-Reply **(# 39)** regarding the Motion to Stay is **GRANTED**, and the Court has considered the Plaintiff's tendered sur-reply.

Dated this 15th day of September, 2006

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge